UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET LAWLESS,<br>      Plaintiff<br><br>v.<br><br>STEWARD HEALTH CARE SYSTEM, LLC,<br>      Defendant | C.A. NO. 16-10939-DJC |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

### FACTUAL ALLEGATIONS

Defendant Steward Health Care, LLC, owns and operates a number of medical facilities in Massachusetts, including Carney Hospital, located in Dorchester, Massachusetts.[1] Plaintiff Margaret Lawless began working as a nurse at Carney Hospital in 1968.[2]

In March 2015, Plaintiff was forced to take leave to undergo and recover from surgery.[3] In August 2015, Plaintiff notified Defendant, with supporting medical documentation, that she could return to work with reasonable accommodations, to wit, that she be permitted to work with lifting and pushing restrictions.[4] Defendant refused to

---

[1] Plaintiff's Statement of Facts ("PSOF"), ¶ 1.

[2] *Id.*, ¶ 2.

[3] *Id.*, ¶ 3.

[4] *Id.*, ¶ 4.

accommodate Plaintiff and would not reinstate her to employment. [5] Instead, by letter dated March 1, 2015, it notified Plaintiff it had decided to fire her, effective March 5, 2016.[6]

On or before March 1, 2015, under Defendant's personnel policies, Plaintiff had earned approximately $20,354.44 of paid time off ("PTO"), and $2,440.80 of sick time, or as Defendant refers to it, "Sick ESL."[7] Plaintiff commenced this action in Norfolk Superior Court on March 8, 2016, alleging that Defendant failed to pay her all wages due and owing her by the last day of her employment, as mandated by G.L. c. 149, § 148.[8] On March 10, 2016, after Plaintiff's last day of employment, and after Plaintiff had commenced this action, Defendant made a direct deposit to Plaintiff's bank account of $12,754.33, representing her earned PTO, less payroll deductions.[9]

On or about March 16, 2016, after Plaintiff's last day of employment, and after she commenced this action, Plaintiff received a check from Defendant in the amount of $2,440.80, less payroll deductions, for her Sick ESL.[10] Plaintiff has notified the Massachusetts Attorney General about this action and received a private right of action from the Attorney General dated March 22, 2016.[11]

---

[5] *Id.*, ¶ 5.

[6] *Id.*, ¶ 5.

[7] *Id.* ¶ 6.

[8] *Id.* ¶ 7.

[9] *Id.*, ¶ 8.

[10] *Id.*, ¶ 9.

[11] *Id.*, ¶ 10.

## PROCEDURAL HISTORY

Plaintiff's First Amended Complaint, which she filed in Norfolk Superior Court, alleges a single count alleging that Defendant's failure to pay Plaintiff her accrued PTO and Sick ESL by the last day of her employment, violated the Massachusetts Wage Act, G.L. c. 149, § 148, and entitles her to damages under G.L. c. 149, § 150.[12]

Defendant filed a notice of removal of this case on May 24, 2016, then filed a motion to dismiss on May 31, 2016,[13] contending that this court does not have subject matter jurisdiction over Plaintiff's claim because Plaintiff had not obtained a private right of action from the Attorney General in accordance with G.L. c. 149, § 150 prior to filing her complaint in state court.[14] The court denied the motion by order dated September 16, 2016.[15]

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD.

Summary judgment is appropriate when the record reflects no genuine issue as to any material fact and indicates that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Dávila v. Corporación de P.R. Para La Diofusión Pública,* 498 F.3d 9, 12 (1st Cir.2007).

---

[12] *Id.*, Count I, ¶¶ 16-20.

[13] Docket # 8.

[14] Docket #. 8-9, Defendant's Motion to Dismiss and Memornadum.

[15] Docket #. 14.

3

## II. DEFENDANT VIOLATED THE WAGE ACT BECAUSE IT DID NOT PAY PLAINTIFF HER ACCRUED PTO OR SICK ESL BY THE LAST DAY OF HER EMPLOYMENT.

Under the Wage Act, a Massachusetts employer must pay all wages due an employee "discharged" from employment "in full on the day of his discharge . . .." Wages within the meaning of the Wage Act include salary, commissions, and all other forms of assured compensation and compensation equivalents, including paid time off and earned sick leave. *Roche v. Morgan Collection, Inc.,* 882 F.Supp.2d 247, 256 (D. Mass. 2012), *citing Baptisa v. Abbey Healthcare Group, Inc*., 1996 WL 33340740 at * 4 (D. Mass. 1996); *Souto v. Sovereign Realty Associates*, 2007 WL 4708921 at * 4 (Mass. Superior Court 2007); *Dickens–Berry v. Greenery Rehab. & Skilled Nursing Ctr.,* 1993 WL 818564, at *3 n. 4 (Mass.Super.Ct. Oct. 29, 1993)*; Dennis v. Jager, Smith & Stetler, P.C.,* 2000 WL 782946, at *1 (Mass.Super.Ct. Apr. 10, 2000). *See also* Massachusetts Attorney General Advisory 99/1, An Advisory from the Massachusetts General's Fair Labor Division on Vacation Policies.

Here, on the date Defendant established as Plaintiff's date of discharge, March 5, 2016, it owed her $20,354.44 PTO and $2,440.80 Sick ESL. Defendant violated the Wage Act because it did not pay Plaintiff these amounts in full by March 5. G.L. c. 149, § 148. Rather, it did not pay her PTO until March 10, and her Sick ESL until March 16. Plaintiff is therefore entitled to summary judgment on Count I of her complaint.

### III. DEFENDANT IS LIABLE FOR TREBLE DAMAGES UNDER G.L. c. 149, § 150 FOR ITS VIOLATION OF G.L. c. 149, § 148.

A violation of G.L. c. 149, § 148 makes a defendant-employer strictly liable for the penalty provisions of G.L. c. 149, § 150, which calls for an award of "treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees." Importantly, § 150 specifically provides that it is no "defence" (sic) to an action under § 148 for an employer to tender payment after the "bringing of the complaint." Thus, Defendant's belated payment of the PTO and Sick ESL it owed Plaintiff is not a defense to Plaintiff's claim, because those payments were made after Plaintiff commenced this action in the Norfolk Superior Court on May 8, 2016. Plaintiff is entitled to damages in the amount of three times her unpaid wages, costs, and attorney's fees, with interest. G.L. c. 149, § 150.

### IV. AS THE SJC RECENTLY HELD IN *DEPIANTI v. JAN-PRO FRANCHSING INTERNATIONAL, INC.*, PLAINTIFF WAS NOT REQUIRED TO FILE A COMPLAINT WITH THE MASSACHUSETTS ATTORNEY GENERAL AS A PREREQUISITE TO BRINGING HER MASSACHUSETTS WAGE ACT CLAIM IN COURT.

With its motion to dismiss,[16] Defendant contended that Plaintiff's complaint had to be dismissed because she did not first file an administrative complaint alleging a Wage Act violation with the Attorney General, which it argued, is an administrative prerequisite to suit mandated by G.L. c. 149, § 150.[17] The court rejected this argument, based on the SJC's holding in *Depianti v. Jan-Pro Franchising International, Inc.*, 465 Mass. 607, in

---

[16] Docket # 6.

[17] *Id*.

which SJC specifically held that a plaintiff's failure to exhaust the administrative scheme under G.L. c. 149, § 148 and § 150 ("the Wage Act"), including by first filing an administrative complaint with the Massachusetts Attorney General, is not a bar to filing a Wage Act claim in court. As the SJC's decision in *Depianti* was dispositive to Defendant's motion, it was thoroughly discussed in Plaintiff's opposition memorandum.[18] For the court's convenience, that argument is substantially restated in the remainder of this memorandum.

### A. Procedural History of *Depianti*

In *Depianti*, the plaintiff commenced an action in the United States District Court ("USDC")[19] claiming, *inter alia*, that Jan-Pro had committed "various [Wage Act] violations." *Id.* at 608. As in the instant case, prior to commencing the court action, the plaintiff in *Depianti* had not filed an administrative complaint with the Massachusetts

---

[18] Docket no. 9.

[19] *Depianti v. Jan-Pro Franchising International, Inc.*, 08-10663-MLW.

Attorney General under the procedures set forth in G.L. c. 149, § 150 ("Section 150").[20]

Contending that such an administrative filing is an absolute prerequisite to a court action under the Wage Act, Jan-Pro moved to dismiss the Wage Act claims for "lack of subject matter jurisdiction." *Id*. at 610. Although the USDC ruled that Jan-Pro had already "waived"[21] this argument by not raising it at the outset of the litigation, it certified the issue raised by the argument as a "question of law" to be answered by the SJC under SJC Rule 1:03, phrasing it in the terms Defendant has raised it here:

> Whether a plaintiff's failure to exhaust administrative remedies pursuant to [G. L. c. 149, § 150,] by filing a complaint with the Attorney General deprives a court of jurisdiction to consider the plaintiff's claims under [G. L. c. 149, §§ 148, 148B, and 150,] and under [G. L. c. 151, §§ 1 and 1A]. *Id*. at 608.

### B. Holding in *Depianti*.

---

[20] G.L. c. 149, § 150 provides that an employee can bring a complaint under the Wage Act in court 90 days after making an administrative filing with the Attorney General, or sooner than 90 days if the Attorney General gives her written permission to bring the court action. It is set forth here in its entirety for the court's convenience:

> An employee claiming to be aggrieved by a violation of sections 33E, 52E, 148, 148A, 148B, 148C, 150C, 152, 152A, 159C or 190 or section 19 of chapter 151 may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits; provided, however, that the 3 year limitation period shall be tolled from the date that the employee or a similarly situated employee files a complaint with the attorney general alleging a violation of any of these sections until the date that the attorney general issues a letter authorizing a private right of action or the date that an enforcement action by the attorney general becomes final. An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees.

[21] This part of the decision defeats Defendant's argument in its motion to dismiss that *Depianti* relies on Judge Wolf's finding that the employer waived its jurisdictional argument by not raising it earlier in the litigation. To the contrary, Judge Wolf's waiver ruling had no impact on *Depianti*.

7

In unequivocally answering "no" to this question, the SJC began its reasoning by first pointing out that Section 150 establishes a dual enforcement scheme, permitting the Attorney General to criminally prosecute Wage Act violations, and permitting private litigants to bring civil actions for damages. *Id*. at 612. As the Attorney General is not required to investigate or adjudicate these complaints, the SJC reasoned, the purpose of Section 150's filing requirement is to notify the Attorney General about an alleged violation, "so that she may investigate and prosecute such violations at her discretion." *Id*. 612-13, citing *Nahigian v. Leonard*, 233 F.Supp.2d 151, 164 (D.Mass. 2002).

To illustrate the Section 150's limited purpose, the SJC noted that the Wage Act's administrative filing scheme stands in "stark contrast" to the "comprehensive remedial process" "trigger[ed]" by a discrimination complaint filed under the mandates of G.L. c. 151B with the Massachusetts Commission Against Discrimination ("the MCAD"). Under G.L. c. 151B, the MCAD has for 90 days the exclusive authority to investigate the complaint; the authority to make probable cause determinations; not to mention the obligation to take immediate, affirmative steps to "eliminate" discriminatory practices, all of which are intended to vest the MCAD with the authority to resolve discrimination claims before they are filed in the "judicial forum." *Depianti*, 465 Mass. at 612-13. A litigant's failure to exhaust G.L. c. 151B's comprehensive administrative remedies, therefore, has been corrected interpreted to deprive a court of the jurisdiction to consider a discrimination complaint. *Id*., citing *Schulte v. Director of the Div. of Employment Sec*., 369 Mass. 74 , 79-80 (1975).

By contrast, the SJC pointed out, there is no such exhaustion requirement under Section 150. *Id* at 613-14. Unlike the scheme G.L. c. 151B sets for the MCAD, under Section 150, the Attorney General has no investigatory obligations or adjudicatory role. *Id.* Rather, under Section 150, the complaint serves the limited purpose of notifying the Attorney General about a possible violation of the Wage Act, so she can determine if she wants to bring a criminal prosecution for violation of the law. *Id.* In contrast to G.L. c. 151B, therefore, a litigant's failure to first file with Attorney General under Section 150 cannot be said to frustrate an "implicit statutory purpose" of the law, or to in any way prejudice the opposing party. *Id.*, citing *Schulte*, 369 Mass. 74, 79-80. A filing with the Attorney General, therefore, is not a prerequisite to suit in court under the Wage Act.

Based on this reasoning, the SJC summarized its answer to Judge Wolfe's question with this holding:

> Accordingly, we hold that failure to file a complaint with the Attorney General before initiating a private suit for alleged employment violations does not interfere with the accomplishment of the statutory purposes of § 150 to a substantial degree, at least where the Attorney General is notified of the suit during its pendency. See *Schulte v. Director of the Div. of Employment Sec., supra*. In such circumstances, the purposes implicit in the statutory scheme are effectively served, as the Attorney General may yet pursue enforcement action against the employer, even if the Attorney General was made aware of the alleged violations somewhat later than is anticipated under the statute. Moreover, a defendant cannot plausibly claim prejudice by the tardiness of the plaintiff's filing, at least where, as here, the plaintiff's suit would not have been time barred under the three-year limitations period included in G. L. c. 149, § 150, had he first filed with the Attorney General and waited ninety days before bringing suit against the defendant. See *Schulte v. Director of the Div. of Employment Sec., supra*. For these reasons, we conclude that Depianti's failure first to file a complaint with the Attorney General does not deprive the United States District Court of jurisdiction to consider his claims under G. L. c. 149, §§ 148, 148B, and 150, and G. L. c. 151, §§ 1 and 1A.

1. **The Court Has Jurisdiction Over Plaintiff's Wage Action Claim Because It Is Timely Under the Statute Of Limitations and She Has Notified the Attorney General About Its Pendency.**

As the SJC's holding in *Depianti* applies here, therefore, Plaintiff's failure to have received a private right of action from the Attorney General under Section 150 before she brought this action does not require its dismissal, as filing a complaint with the Attorney General is not a prerequisite to suit under the Wage Act. *Id*. Next, Plaintiff's complaint surely satisfies the applicable three-year statute of limitations. *Id*. Finally, Plaintiff unquestionably notified the Attorney General of this suit during its pendency, thus giving her the option to prosecute Defendant criminally. (See Ex. 2, Private Right of Action, dated March 22, 2016, referencing Plaintiff's "complaint.") This court, therefore, has subject matter jurisdiction over Plaintiff's Wage Act claim.

2. **The USDC's Ruling in *Depianti* That the Employer "Waived" its Procedural Defense Had No Impact on the SJC's Holding.**

Finally, contrary to Defendant's argument,[22] the USDC's ruling that Jan-Pro "waived" its exhaustion argument under Section 150 had no impact on the SJC's holding in *Depianti*. Rather, the SJC emphasizes in *Depianti* that it ruled on the exhaustion issue notwithstanding Judge Wolf's waiver ruling, because Judge Wolf certified the question to the SJC notwithstanding his rule:

> The United States District Court Judge determined that Jan-Pro had waived this argument by not raising it earlier in the litigation. However, pursuant to his independent obligation

---

[22] Docket 6, Defendant's Motion to Dismiss, p. 3.

to ensure the United States District Court's jurisdiction, see FW/PBS v. Dallas, 493 U.S.C. 215, 231 (1990), the judge added the first question, set forth *supra*, to his certification order, to determine whether Depianti's failure to file a complaint with the Attorney General before bringing suit deprived the United States District Court of jurisdiction over his misclassification and wage claims.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary must be allowed. Defendant failed to pay Plaintiff all wages due her on the date of her discharge. G.L. c. 149, § 148. Plaintiff commenced this action before Defendant paid her all her owed wages so Defendant cannot set up as a "defence" its belated payments. G.L. c. 149, § 150. Plaintiff was not required to get a private right of action from the Attorney General as a precondition to filing her civil action. *Depianti, supra.* Plaintiff is entitled to damages in the amount of three times her unpaid wages, costs, and attorney's fees, with interest. G.L. c. 149, § 150.

Respectfully submitted,

PLAINTIFF MARGARET LAWLESS

By her attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO # 559269
GLYNN, LANDRY,
& RICE, LLP
25 Braintree Hill Office Park, Suite 408
Braintree, Massachusetts 02184
(781) 849-8479 (office)
(781) 964-8377 (mobile)
daniel.rice@glhrlaw.com

Dated: March 15, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2017.

/s/ Daniel W. Rice
Daniel W. Rice